E. EDWARD EARLL *v.* WILLIAM CHAPMAN and GEORGE W. HOJER.

A notice of appeal, to this court from one of the lower courts, cannot be served upon an attorney, where the client resides in the city of New York.

The mere delivery of a notice of appeal to the attorney, where it is not left with him, but is immediately taken back with an understanding that efforts will be made to make service on the party himself, is insufficient, although such party may prove to have been a non-resident.

*It seems*, that on a motion to dismiss the appeal, proof that the notice has been served upon the attorney will be deemed sufficient *primâ facie*, although the appellant deposes to the respondent's non-residence only upon information and belief, in case there are no circumstances to negative that conclusion.

---

Earll *v.* Chapman.

MOTION by the plaintiff to dismiss an appeal from one of the lower courts, upon the ground that no notice of appeal had been served. The application was founded upon affidavits of the plaintiff and of the attorney who had appeared for him on the trial below, stating generally that a service of such notice had not been made. The defendants opposed by an affidavit of the defendant Hojer, in which he related in detail the circumstances of an alleged interview with the plaintiff's attorney, stating, upon information and belief, the plaintiff's non-residence, and that the deponent delivered to the attorney a notice of appeal, but that he refused to receive, and returned it. The attorney produced an affidavit in reply, averring that at the interview in question, the notice was only shown to him ; that he informed the defendant Hojer that he (the attorney) was not well acquainted with his client, the plaintiff, and that the latter had given his address as at some number in the Third avenue of this city, and also Lakeland, Long Island ; that upon receiving this information,.Hojer voluntarily retained possession of the notice, and said he would proceed to the avenue and seek the plaintiff himself.

*Moses Ely*, for the plaintiff.

*William H. Anthon*, for the defendants.

BY THE COURT. INGRAHAM, FIRST J.—The defendant Hojer and the plaintiff's attorney contradict each other as to the service of the notice of appeal on the attorney ; but they both agree in the fact that the notice was not left with the attorney, but was finally retained by the defendant. If the defendant's statement is right, he should not have taken back the notice from the plaintiff's attorney. In view of his receiving it back without objection, and without insisting on the service, the delivery, if any was made, cannot be regarded as a good service.

It is impossible for us to decide between these affidavits as to whether the plaintiff's attorney had or not the possession of the

notice at all.  If it was in his possession, the defendant should have left it there, and not have received it back, which he did, and for the purpose—as would appear from the attorney's statement—of " hunting up " the plaintiff in the Third avenue.

I am inclined to think, also, the proof of the plaintiff's non-residence was insufficient.  (See *Duffy* v. *Morgan*, 2 Sand. Sup. Ct. R. 631.)  The defendant states only his knowledge and belief, and Mr. Ely, the plaintiff's attorney, swears that he told Hojer that the plaintiff had stated one of his addresses to be at some number in the Third avenue.  Had the notice, however, been properly served on the attorney, it might be deemed *primâ facie* sufficient.

As there does not appear to have been a sufficient service on either attorney or party, I think the appeal must be dismissed.

Appeal dismissed.